FeeemaN, J.,
delivered the opinion of the Court.
This is a motion in the Circuit Court against the Sheriff for an insufficient return of an execution from the Circuit Court of Maury county. The execution was issued 27th of September, 1861, and levied December 31, 1861, on several negroes. The Sheriff returns the fact of the levy, with the addition: “Levied too late to sell before Court. January 6, 1862.”
It is insisted that the return itself convicts the officer of gross negligence, as it shows property on which he could have levied sooner, and have had time to sell and make the money. Under the stringent. rule laid down in the case of Eakin v. Boyd, 5 Sneed, 204, this is probably true. It is also insisted that the officer can not go beyond his return to show any excuse for his failure to make a sufficient return. This is a misapplication of a well settled principle. The insufficiency of the return can only be shown by its face on the part of the plaintiff, but it does not follow that the officer may not show by extrinsic proof that he is not liable for such insufficient return, as in cases where the insufficient action was caused by the act of the plaintiff himself, as by directing a levy on land when personal property could be had to satisfy the execution, and in other cases.
The proof in this case shows that on the day the levy was made, the plaintiff went with the officer to the house of one of the parties to the judgment, mentioned the execution, “ asked him what about it, and *582 said it must be arranged.” This party seems not to have been the principal. Plaintiff said he did not want “to press his property away and sacrifice it; but what he wanted was to have the execution levied, as it would make it better.”
This party insisted plaintiff should levy on the property of Mrs. Cross, as she had plenty of negroes, and they had been there all the time. Plaintiff told him to go and show the property, remarking to the officer that “he did not wish to press a sale of the property, but simply wished to have the execution levied in order to secure his lien.”
We think it clear that the officer acted under the directions of the plaintiff, did what he desired him to do, and returned the facts, and that the return contains all that the plaintiff desired to have been done.
It would be manifestly inequitable now, after the plaintiff’s own course had been taken with the execution, and the benefit of his lien lost by the result of the civil war in which the country was then engaged, to say that the officer shall make good such unforeseen loss.
The Court below so held, and we affirm the judgment.